## SUPREME COURT.

### The People agt. John Osmer.

The public keeping of intoxicating liquors on Sunday is not a *misdemeanor* under the police act of 1860.

*New York General Term, March,* 1863.

By the court, Ingraham, J. The question submitted to us in this case is whether the violation of the 42d section of the police act of 1860, which prohibits the public keeping of intoxicating liquors on Sunday, is a misdemeanor.

The statute imposes a penalty of $50 for each offence, to be sued for by the district attorney, and does not declare the offence to be a misdemeanor.

It is well settled that where any act is prohibited, and a penalty imposed for its violation, and the offence was not criminal before the passage of the statute, no other punishment than the penalty can be imposed, and the provision in the Revised Statutes, 3d ed., (5th ed.,) p. 980, which makes the violation of a statute containing such prohibitions a misdemeanor, only applies to cases in which no penalty is provided for its violation.

In this act there are provisions as to other violations,

in which such offences are declared to be misdemeanors, but no such provision is contained as applicable to this offence.

The only ground on which it is attempted to sustain this indictment is, that the police force are directed to enforce this section and to proceed in the manner provided by law for the arrest of offenders.

In the absence of any other enactment relating to this subject, I do not think this sufficient to warrant us in saying that the legislature intended to make the offender liable both to the penalty and to indictment. I am not in favor of making out crimes by mere inference, and where the penalty imposed is, as in this case, a heavy one for offences of this kind, the court should require a clear expression of the intent of the legislature before they add to that penalty the liability of prosecution for a criminal offence.

As the legislature in other parts of this act have declared the cases of violations of the act which they intended should be punished criminally, and have omitted any such declaration as to the acts prohibited in this section, the fair presumption is that they did not intend to apply to such acts any other punishment than the penalty.

We concur with the recorder in his views on this question.

Judgment affirmed.